WALLACE, Judge,
Dissenting.
In my view, there are two reasons why the trial court erred in allowing Wink Stucco to introduce evidence that Jesus Rivera, III, did not have a driver’s license. First, Wink Stucco did not prove that Rivera was an inexperienced driver. Second, Wink Stucco did not establish a causal link between Rivera’s asserted inexperience and his alleged failure to yield the right of way to the oncoming vehicle.
Rivera, the driver of the red Nissan Sentra, was eighteen years old when the crash occurred. Rivera moved to the Tampa area from South Florida approximately five to six months before the crash. He did not have a driver’s license, and he relied primarily on public transportation. Nevertheless, Rivera began driving when he was fifteen or sixteen years of age. Thus, at the time of the crash, Rivera had been driving “for two years on and off.” Rivera was simply not a new or inexperienced driver. At trial, the evidence did not establish that Rivera’s driving experience was so limited that his ability to drive safely was affected as in the cases relied upon by Wink Stucco and cited by the majority. Cf. Lenhart, 100 So.3d at 1178 (observing that the unlicensed driver “had driven a car only once before the accident — on a joyride when he was thirteen”); Corbett, 375 So.2d at 38 (noting that the unlicensed driver was only sixteen years old); Dorsett, 347 So.2d at 827 (stating *285 only that the driver “was illegally driving with a learner’s permit”); Klanseck, 393 N.W.2d at 357-58 (explaining that the driver of a motorcycle who lacked the required motorcycle endorsement on his driver’s license and had not previously owned a motorcycle was driving his new motorcycle home from the dealership when the accident occurred).
To be sure, Rivera’s alleged failure to yield the right of way to the oncoming white van may have contributed to the fatal crash. But Wink Stucco did not present any evidence demonstrating that Rivera’s claimed inexperience or incompetence as a driver led to his failure to yield the right of way. There was no evidence that Rivera drove recklessly, swerved back and forth on the road, failed to have his vehicle under control, drove off the roadway, drove at an excessive speed, or otherwise drove incompetently. Indeed, Jose Velasquez, an independent witness to the crash, testified that Rivera’s “Sentra did nothing wrong,” and “that [its] driving pattern was completely normal.”
In addition, the evidence at trial suggested that the speed of the oncoming vehicle contributed to the accident. The speed at which Wink Stucco’s employee, Ramiro Pantoja-Vega, was driving as he approached the intersection was a disputed issue at trial. Nevertheless, the plaintiff’s accident reconstruction expert and two independent witnesses testified that Panto-ja-Vega was travelling in excess of the posted speed limit as he approached the intersection.
In support of its theory that Rivera’s claimed inexperience as a driver contributed to his failure to yield the right of way, Wink Stucco relied exclusively on the occurrence of the crash itself. Wink Stucco’s argument assumed the truth of the proposition it had undertaken to prove. As the majority explains, “Wink Stucco’s theory of defense was that Rivera was an unlicensed driver without sufficient experience to safely judge whether he had enough time to make the left turn in front of the white cargo van.” But the proposition that younger, less experienced drivers are more likely to be involved in left-turn intersection crashes than other drivers is not self-evident, and Wink Stucco did not introduce any evidence — as opposed to counsel’s theorizing — to support it. Wink Stucco’s accident reconstruction expert testified that “one of the. most common crash scenarios” occurs when a vehicle turning .left at an intersection is struck by an oncoming vehicle. However, Wink Stucco’s expert did not testify that the lack of driving experience renders younger, inexperienced drivers less able to judge the speed and distance of oncoming vehicles at intersections than other drivers. To summarize, Wink Stucco did not establish that Rivera’s asserted driving inexperience had anything to do with the accident.
Unfortunately, crashes involving left turns at intersections occur with disturbing frequency among drivers of all age groups. See U.S. Dep’t of Transp., Nat’l Highway Traffic Safety Admin., Crash Factors in Intersection-Related, Crashes: An On-Scene Perspective (Sept.2010), http://www-nrd.nhtsa.dot/gov/Pubs/811366. pdf. Contrary to Wink Stucco’s unsupported theory, it is equally plausible to suppose that a younger, less experienced driver would be less likely to be involved in a left turn intersection collision than other drivers for two simple reasons. A younger, less experienced driver should be better able to judge the speed and distance of an oncoming vehicle than an older, more experienced driver because the younger driver will generally have better vision and depth perception than the older driver. In addition, the younger driver will have the *286 benefit of a faster reaction time. Granted, this theory is speculative; but Wink Stucco’s theory is no less so.
Because Wink Stucco’s theory of defense as it related to the driver’s license issue lacked any evidentiary support, I conclude that the trial court erred in allowing Wink Stucco to introduce evidence that Rivera was unlicensed at the time of the crash. I also conclude that the error was not harmless. Wink Stucco’s counsel made Rivera’s claimed driving inexperience and failure to have a valid driver’s license major themes of his closing argument. Accordingly, I dissent. I would reverse the final judgment and remand for a new trial at which evidence that Rivera did not have a valid driver’s license at the time of the crash must be excluded.